# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

BRADLEY LEE WINTERS,

        Petitioner,

vs.

TERRY D. MAPES, Warden,
Newton Correctional Facility,

        Respondent.

No. C07-3083-LRR

**REPORT AND RECOMMENDATION
ON PETITION FOR WRIT OF
HABEAS CORPUS**

---

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

On September 27, 2005, the Mason City Police Department issued a citation to Bradley Lee Winters charging him with possession of marijuana. Doc. No. 15, Ex. 2(e), Appendix, *State v. Winters*, No. 06-0535 (Iowa Sup. Ct.) ("App.") at 1. On November 29, 2005, the County Attorney for Cerro Gordo County, Iowa, filed an amended felony trial information against Winters charging him with possession of marijuana as an habitual felony offender. App. at 8-9. After a jury trial, Winters was convicted of possession of marijuana. App. at 187. A second, separate jury trial was held on the question of whether he was an habitual felony offender, and he again was found guilty. The court denied Winters's motion in arrest of judgment and motion for a new trial, and sentenced him to fifteen years in prison. App. at 195-96.

Winters appealed, and his appeal was referred to the Iowa Court of Appeals, which affirmed his conviction. *State v. Winters*, 734 N.W.2d 488 (table), 2007 WL 1062894 (Iowa Ct. App., Apr. 11, 2007 ("*Winters*"). The Iowa Supreme Court denied his application for further review, and his petition for certiorari to the United States Supreme Court was denied.

On December 4, 2007, Winters filed a *pro se* petition for habeas corpus relief in this court under 28 U.S.C. § 2254.[1] Doc. No. 7. The court granted his request for appointment of counsel. Doc. No. 8. On August 7, 2008, Winters filed a brief on the merits. Doc. No. 19. On August 25, 2008, the matter was referred to the undersigned for review and the submission of a report and recommended disposition of the case. Doc. No. 21. On October 9, 2008, the respondent ("the State") filed a response. Doc. No. 24. The matter now is fully submitted.

The factual background of the case was summarized by the Iowa Court of Appeals in its opinion on Winters's appeal. *See Winters.* In a habeas proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct," absent rebuttal by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Accordingly, this court adopts the factual findings of the Iowa Court of Appeals for purposes of this proceeding. The Iowa Court of Appeals summarized the facts of the case as follows:

> On September 25, 2005, at approximately 3:30 a.m., Mason City police officers received a call reporting a possible car accident. Officers discovered a parked car blocking one lane of traffic on a two-lane street. They approached the car and found a woman in the passenger seat and Winters in the driver's seat. Winters was tilted toward the center of the car and appeared to be asleep. The keys to the vehicle were not in the ignition. There was an open container of alcohol in the console between Winters and his female companion, and the vehicle smelled of alcohol. Winters was groggy and slow to respond to questioning, but definitively said "no" on two occasions when asked whether he would be willing to perform field sobriety tests.
>
> Winters was placed under arrest for operating a vehicle while intoxicated (OWI), hand-cuffed, and searched. The officers found a rolled cigarette containing a green, leafy

---

[1] The petition was submitted to the Southern District of Iowa, but was transferred to and filed in this district. *See* Doc. No. 5-3, Initial Review Order.

substance in a cigarette box in his shirt pocket.  The cigarette later tested positive for marijuana.  During the course of the search, Winters passed out on the hood of the police car.  The officers were unable to revive him, so he was transported to the hospital by ambulance.  While at the hospital, the officers requested a blood test which revealed that his blood alcohol level was below the legal limit.

Winters was charged with possession of a controlled substance, third or subsequent offense, a class "D" felony.  Because he had multiple prior felony convictions, he was charged as a habitual felony offender under Iowa Code section 902.8. FN1/

FN1/  He was not ultimately charged with OWI.

Prior to trial, Winters filed a motion to suppress evidence of the marijuana arguing it was "illegally obtained by the police as the consequence of an illegal search."  The court denied the motion, finding the arrest was proper.

A jury found Winters guilty on January 11, 2006, for possession of marijuana.  Winters did not stipulate to his prior convictions for sentencing enhancement.  Two weeks later, a jury found him guilty as a habitual offender, and he was sentenced to an indeterminate sentence of fifteen years.  The district court denied Winters' motion in arrest of judgment and motion for a new trial.

*Winters*, 2007 WL 1062894 at *1.

In his petition in this court, Winters asserted four grounds for relief:[2] (1) there was no probable cause for his arrest, Doc. No. 7 at 5; (2) double jeopardy prohibited the enhancement of his sentence based on the fact that he was an habitual offender, *id*. at 6-7; (3) there was prosecutorial misconduct during closing argument, *id*. at 8; and (4) there was insufficient evidence to support his conviction, *id*. at 10.   In his brief supporting his petition, Winters asserts five claims: (1) there was no probable cause for his arrest, Doc.

[2]Additional matters were raised in the petition within these four grounds for relief, but those matters were not briefed to the court and the court concludes they have been abandoned.

No. 19 at 5-6; (2) there was insufficient evidence to support his conviction, *id*. at 6-7; (3) the prosecutor committed misconduct during closing argument, *id*. at 7-9; (4) he was wrongfully sentenced for a felony instead of a misdemeanor, *id*. at 9-10; and (5) the enhancement of his sentenced based on his prior convictions violated the Double Jeopardy Clause of the Fifth Amendment.  The court first will set out the standard of review, and then will address each of the issues raised by Winters in his brief.

## II.  STANDARD OF REVIEW

In *Jones v. Wilder-Tomlinson*, 577 F. Supp. 2d 1064 (N.D. Iowa 2008), the court summarized the standards to be applied when considering a request for relief under Section 2254 of Title 28:

> Section 2254(a) states that:
>
>> a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution . . . of the United States.
>
> 28 U.S.C. § 2254(a).
>
> * * *
>
>> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court.  Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams v. Taylor*, 529 U.S. 362, 404-05, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (quoting 28 U.S.C. § 2254(d)(1-2)). An "unreasonable application" of federal law by a state court can occur in two ways: (1) where "the state court identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case"; or (2) where "the state court either unreasonably extends a legal principle from [Supreme] Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id*. at 407, 120 S. Ct. 1495. It is not enough that the state court applied clearly established federal law erroneously or incorrectly - the application must additionally be unreasonable. *Id*. at 411, 120 S. Ct. 1495; *see Bell v. Cone*, 535 U.S. 685, 694, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) ("an unreasonable application is different from an incorrect one."). Stated differently, a federal court may not grant the petition unless the state court decision, viewed objectively and on the merits, cannot be justified under existing Supreme Court precedent. *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999).

*Id*. at 1073-74

## III. WINTERS'S CLAIMS IN THIS CASE

### A. Probable Cause for Arrest

Winters claims there was no probable cause for his arrest. He states, "The Iowa Courts egregiously applied the facts applicable to the law in this case. Mr. Winters request[s] that this court find that there was no probable cause to arrest Mr. Winters and dismiss this case as all other evidence was attained due to [the] unlawful arrest." Doc. No. 19, p. 6. The State responds that this claim is barred by *Stone v. Powell*, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052, 49 L. Ed. 2d 1067 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state

prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.").

In his brief, Winters cites *Stone* for the proposition that a section 2254 petitioner may be entitled to relief when there has been an "egregious[ ] error in Fourth Amendment principles" to the extent that he was not afforded "a full and fair hearing." Doc. No. 19, p. 5. He then discusses the facts surrounding his arrest and the subsequent search of his person incident to the arrest. *Id*. at 5-6. He argues the Iowa Court of Appeals committed egregious error when it found there was probable cause for his arrest. *Id*.

In *Chavez v. Weber*, 497 F.3d 796 (8th Cir. 2007), the court discussed the "full and fair" hearing to which a state prisoner is entitled in order to preclude habeas relief:

> To show that he was not afforded an opportunity for full and fair litigation of his claim, Chavez would have to show that the State "provided no corrective procedures at all to address the alleged Fourth Amendment violation" or that the State "provided a corrective mechanism, but [he] was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Willett v. Lockhart*, 37 F.3d 1265, 1271-72 (8th Cir. 1994) (en banc) (adopting test set forth in *Capellan v. Riley*, 975 F.2d 67, 71 (2d Cir. 1992)) (quotation marks omitted and emphasis removed); *see also Palmer v. Clarke*, 408 F.3d 423, 437 (8th Cir. 2005). In this case, the State provided a corrective mechanism for any error the trial court may have made in admitting the evidence by allowing Chavez to appeal his convictions to the South Dakota Supreme Court. *See Palmer*, 408 F.3d at 437. Chavez urges that the Supreme Court was wrong to uphold the trial court's suppression of the evidence. However, a "mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process." *Capellan*, 975 F.2d at 72. Our inquiry focuses on whether Chavez received an opportunity for full and fair litigation of his claim, not on whether legal or factual error in fact occurred. *See Willett*, 37 F.3d at 1270.

*Chavez.* 497 F.3d at 802. In *Palmer v. Clarke*, 408 F.3d 423 (8th Cir. 2005), the court held, "[W]e will review a Fourth Amendment claim raised in a habeas petition only if either 'the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system.'" *Palmer*, 408 F.3d at 437 (citing *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir.1994) (en banc)).

Winters has not made the required showing in the present case. In the state court proceedings, his attorney filed a motion to suppress, *see* App. at 23, and Winters filed a supplemental *pro se* motion to suppress, *see* App. at 24-25. The trial judge held a hearing on the motions, *see* App. at 27-77, and Winters's attorney filed a post-hearing brief and argument, *see* App. at 78-83. The trial judge issued a detailed written order denying the motions to suppress and setting out his reasons for denying the motions. *See* App. at 84-87. Winters then challenged this ruling on appeal, and the Iowa Court of Appeals fully analyzed and rejected his claim. *Winters*, 2007 WL 1062894 at **1-2.

Winters argues the Iowa Court of Appeals was wrong to uphold the trial court's denial of his motions to suppress, characterizing the court's ruling as "egregious." This characterization is not supported by the record. It is evident that Winters disagrees with the decision of the Iowa Court of Appeals, but a mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process.

The record in this case does not show that Winters was denied a full and fair hearing in state court or that there was an unconscionable breakdown in the system. Therefore, Winters's request for relief on this ground should be denied.

## B. Sufficiency of the Evidence

Winters asserts that sufficient evidence was not submitted at trial to support his conviction for possession of marijuana. He requests that the court "dismiss this case for insufficient evidence." Doc. No. 19, p. 7. The State responds that because the assessment of this case by the Iowa Court of Appeals was not unreasonable, habeas relief is not permissible under 28 U.S.C. § 2254(d).

The sufficiency-of-evidence issue was decided by the Iowa Court of Appeals as follows:

> Winters claimed the court erred in denying his motion for new trial because there was not sufficient evidence to support the jury's conclusion that he knowingly possessed marijuana. We review sufficiency-of-the-evidence challenges for correction of errors at law. [*State v. Hopkins*, 576 N.W.2d 374, 377 (Iowa 1998)].

> A jury's finding of guilt is binding on appeal if supported by substantial evidence . *Id*. Substantial evidence is such evidence as could convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *Id*. In determining whether substantial evidence exists, the record is viewed in the light most favorable to the State. *Id*.

> Unlawful possession of a controlled substance requires proof that the defendant: (1) exercised dominion and control over the contraband, (2) had knowledge of its presence, and (3) had knowledge that the material was a controlled substance. *State v. Reeves*, 209 N.W.2d 18, 21 (Iowa 1973). Winters does not specifically challenge the sufficiency of the evidence for any specific element, instead he points to several items in the record and conclusively states these "numerous inconsistencies cannot be resolved so favorably on behalf of the State." These "numerous inconsistencies" consist of the following: (1) only one officer smelled alcohol in the vehicle; (2) one officer described the open container as a bottle while the other said it was a can; (3) a police videotape of the incident had been erased; (4) there were allegedly chain of

evidence problems relating to the marijuana; and (5) the cigarette package within which the marijuana was discovered was thrown away and not logged into evidence. Winters claims the totality of these inconsistencies raises serious and legitimate issues regarding the officers' trustworthiness.

The inconsistencies raised by Winters go to the credibility of the police officers, not to whether there was sufficient evidence for conviction. When the evidence is in conflict, the fact finder may resolve the conflict in accordance with its own views on the credibility of the witnesses. *Id*. We find there was substantial evidence to prove the marijuana was found in the pocket of his shirt. The possession of the marijuana, on his person, in a format ready to be used, is sufficient evidence to support the three elements for conviction. *See State v. Parrish*, 502 N.W.2d 1, 3 (Iowa 1993) (stating knowledge of presence and knowledge of its nature can be inferred from dominion and control).

The question for this court is not whether we would have found Winters guilty beyond a reasonable doubt. It is whether, having entrusted questions of weight and credibility to the jury, and viewing the evidence in the light most favorable to the State, a reasonable trier of fact could have found Winters guilty beyond a reasonable doubt. Under the record in this case, we must answer this question in the affirmative. Therefore, we find the district court did not err in denying Winters' motion for a new trial.

*Winters*, 2007 WL 1062894 at **2-3.

Under section 2254, this court may grant a writ of habeas corpus only if "the relevant state-court decision was either (1) 'contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States.'" *Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1518, 146 L. Ed. 2d 389 (2000) (quoting 28 U.S.C. § 2254(d)(1-2)). Winters cited to no principles of federal law in his state court appeal. *See* Doc. No. 15, Ex. 2(a),

Appellant's Brief, at 15-19.[3]  Likewise, in his brief to this court, he cited to no principles of federal law, let alone to a principle of federal law applied unreasonably by the Iowa Court of Appeals.  In fact, he did not cite to a single case decided by the United States Supreme Court.  *See* Doc. No. 19, pp. 6-7.  Thus, there is nothing for the court to decide in this habeas review.

Winters could have raised a constitutional challenge to the sufficiency of the evidence under the Due Process Clause of the United States Constitution, which "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073, 25 L. Ed. 2d 368 (1970).  In *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), the Supreme Court held, "After *Winship* the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id*. at 318, 99 S. Ct. at 2788-89 (footnote omitted).  The Court in *Jackson* explained that "this inquiry does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id*. at 318-19, 99 S. Ct. at 2789 (citation omitted; emphasis by the Court).  "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 319, 99 S. Ct. at 2789 (emphasis by the Court).  Winters has not raised such a constitutional challenge, however.  His argument is based on Iowa law concerning the sufficiency of evidence.

---

[3]Winters also filed three *pro se* briefs with the Iowa Court of Appeals, on December 22, 2006, December 26, 2006, and May 4, 2007.  The court has reviewed these briefs, and finds no mention of federal law principles relating to this issue.

Even if Winters were to argue here that there was insufficient evidence to support his conviction under federal due process standards, his argument would be unsuccessful because he has not exhausted such a claim in state court. *See Sweet v. Delo*, 125 F.3d 1144, 1153 (8th Cir. 1997) ("Raising a state-law claim in state court that is merely similar to the constitutional claim later pressed in a habeas action is insufficient to preserve the latter for federal review.") (citing *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) (*en banc*)). As the court explained in *Frey v. Schuetzle*, 151 F.3d 893 (8th Cir. 1998):

> Before a federal court may reach the merits of a claim in a habeas petition by a state prisoner, it "must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curium*); *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *McCall*, 114 F.3d at 757 (internal quotations omitted).

*Frey*, 151 F.3d at 897.

In *Middleton v. Roper*, 455 F.3d 838 (8th Cir. 2006), the court held:

> To satisfy the "fairly present" requirement, Middleton must have "refer[red] to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in the Missouri state court." [*Abdullah v. Groose*, 75 F.3d 408, 411-12 (8th Cir. 1996)] (internal quotation omitted); *see, e.g.*, *Morris v. Norris*, 83 F.3d 268, 270 (8th Cir. 1996) (holding "habeas petitioners must have explicitly cited to the United States Constitution or federal case law in their direct appeal to preserve federal review" (citation omitted)).

*Middleton*, 455 F.3d at 855.

Because the decision of the Iowa Court of Appeals on the sufficiency-of-evidence issue was neither contrary to clearly established federal law nor involved an unreasonable application of clearly established federal law, the Winters's request for relief on this ground should be denied.

## C. Prosecutorial Misconduct

Winters argues that certain remarks by the prosecutor during closing argument violated his right to due process under the fourteenth amendment to the United States Constitution. In support of this argument, he cites *Walls v. Bowersox*, 151 F.3d 827, 836 (8th. Cir. 1998) (the standard of review on a claim of prosecutorial misconduct in a § 2254 case is a narrow one based on due process); *Antwine v. Delo*, 54 F.3d 1357, 1363 (8th Cir. 1995) (discussing the method for analyzing a potential due-process violation in a prosecutor's closing argument in the sentencing phase of a death penalty case); *Floyd v. Meachum*, 907 F.2d 347, 356 (2d. Cir. 1990) (cumulative effects of the prosecutor's remarks, which included both inflammatory comments and erroneous statements of law and which implicated the defendant's specific constitutional right to remain silent, violated his due process rights); and *United States v. Drummond*, 481 F.2d 62, 64 (2d Cir. 1973) ("A prosecutor's misrepresentation of testimony may require reversal because of the inevitable prejudice to the defendant"). Doc. No. 19, pp. 7-9.

The remarks in question all related to the veracity of a defense witness, Adam ("Mark") Torres, who testified at trial by deposition. *See* App. at 180-84. Winters and Torres were close friends. According to Torres, prior to Winters's arrest on this charge, he and Winters were together at a party, and then they got into a car being driven by Winters. Torres testified, "I asked somebody at the party for a rollie[4] and they gave me a joint instead. I don't smoke pot. . . . [Winters] said he didn't want it because he didn't

---

[4]A rollie is a rolled up tobacco cigarette. App. at 183 (Torres Depo. p. 14).

smoke pot no more…. And I didn't want it, so I stuck it in the cigarette pack and figured he might give it away to somebody else." App. at 181 (Torres Depo., p. 8). Torres testified he thought he put the cigarette pack on the seat of the car. *Id.*, p. 182 (Torres Depo. p. 9). Torres testified, "I put the joint in [Winters's] cigarette pack without him knowing it because I was a little drunk and figured I didn't want it." *Id.*, p. 180 (Torres Depo., p. 3).

The prosecutor made the following remarks during his closing argument:

> Later on [Torres] also talks about, well, when I found out [Winters] was arrested that's when I made out this statement.[5] When did he find out that [Winters] was arrested? Well, we don't have any testimony about that except he says that he wrote the statement the date it was dated, September 30th, 2005, so at least by September 30th, *if we believe anything Mark Torres has to say*, he knew that the defendant was arrested for possession of marijuana.

App. at 170 (emphasis added).

> So we know, *if we believe, again, anything that Mark Torres had to say*, that whenever he gave [Winters] this marijuana cigarette he did that either right before or right after getting a cigarette from [Winters].

App. at 173 (emphasis added).

> We know that Mark Torres' testimony – *again, if you believe anything he has to say* – is incredible. It makes no sense. But we do know that if you have a cigarette pack in your pocket you're in possession of it so then the only issue is did you know it was there. It's empty except for that. It didn't start out in that SUV. It ended up in that SUV because [Winters] – *again, if we believe anything Mark Torres had to say*, because [Winters] had to take it there and put it in his pocket and he could not have done that without knowing that he had a marijuana cigarette.

---

[5]Before he was deposed, Torres gave a written statement about the incident.

App. at 177-78 (emphasis added).  Winters argues that "based upon the above cited language the prosecutor was vouching that Mr. Torres' testimony was not true."  Doc. No. 19, p. 8.  He argues this constituted a violation of his right to due process.[6]

This issue was decided by the Iowa Court of Appeals as follows:

> At trial Winters presented deposition testimony from Adam Torres.  In this deposition testimony, Torres admits placing the marijuana in a cigarette package and placing this package on the seat of Winters' car.  Winters contends the county attorney committed prosecutorial misconduct in closing arguments when he repeatedly made statements beginning with the phrase "if we are to believe anything Mr. Torres has to say. . . ."

> The initial requirement for a due process claim based on prosecutorial misconduct is proof of misconduct.  *State v. Piper*, 663 N.W.2d 894, 913 (Iowa 2003).  The second required element is proof the misconduct resulted in prejudice to such an extent that the defendant was deprived of a fair trial.  *Id*.  Trial courts have broad discretion in ruling on claims of prosecutorial misconduct.  *State v. Thornton*, 498 N.W.2d 670, 676 (Iowa 1993).  Therefore, we review a district court's ruling on a motion for mistrial based on prosecutorial misconduct for abuse of discretion.  *Id*.

> "Iowa follows the rule that it is improper for a prosecutor to call the defendant a liar, to state the defendant is lying, or to make similar disparaging comments."  *State v.*

---

[6]Winters also refers the court to the following remarks by Iowa Court of Appeals Chief Judge Rosemary Sackett in her concurring opinion:

> I concur with majority's well written opinion in all respects.  I too would affirm.  I write separately because I have concern about the prosecutor repeatedly making statements beginning with the phrase "if we are to believe anything Mr. Torres has to say. . . ."  In this situation I do not find it to be prosecutorial misconduct.  However I believe the phrase "if we are to believe anything [witness] has to say" is best excluded from a prosecutor's vocabulary as it can be taken as an inference that the prosecutor does not believe the witness.

*Winters*, 2007 WL 1062894 at *5.

*Graves*, 668 N.W.2d 860, 876 (Iowa 2003). However, a prosecutor is still free to craft an argument that includes reasonable inferences based on the evidence and, when a case turns on which of two conflicting stories is true, to argue certain testimony is not believable. *Id*. "The key point is that counsel is precluded from using argument to vouch personally as to a defendant's guilt or a witness's credibility." *Id*. at 874.

After our review of the prosecutor's statements, we agree with the district court's conclusion that there was no prosecutorial misconduct because the arguments were based on reasonable inferences and not inflammatory. The county attorney did not brand Torres a liar; he merely argued his testimony was not believable.

*Winters*, 2007 WL 1062894 at **3-4.

Winters claims the prosecutor's repeated comment, "if you believe anything Torres has to say," was improper argument. The Iowa Court of Appeals held otherwise. The question before this court is whether Winters has established that the decision of the Iowa Court of Appeals was either (1) contrary to clearly established federal law, as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1518. Winters has not made this showing.

In his argument on this issue, Winters cites two Iowa state cases and four decisions of the federal circuit courts of appeal, but no decisions of the United States Supreme Court. However, the United States Supreme Court has spoken on this question. In *United States v. Young*, 470 U.S. 1, 105 S. Ct. 1038, 84 L. Ed. 2d 1 (1985), the Supreme Court held, in dictum, that it was improper for a prosecutor to offer unsolicited personal views on the evidence during closing argument. *Id*. at 7, 105 S. Ct. at 1042 (citing *Berger v. United States*, 295 U.S. 78, 88, 55 S. Ct. 629, 633, 74 L. Ed. 2d 1314 (1935) (prosecutors must "refrain from improper methods calculated to produce a wrongful conviction")). A

prosecutor's views on the credibility of witnesses falls within this proscription. *Hodge v. Hurley*, 426 F.3d 368, 387-88 (6th Cir. 2005).

In *Barnett v. Roper*, 542 F.3d 804 (8th Cir. 2008), the court held, "Improper remarks by the prosecutor can violate the Fourteenth Amendment if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Barnett*, 542 F.3d at 812 (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S. Ct. 1868, 1871, 40 L. Ed. 2d 431 (1974)). The court further held, "'The court should only grant habeas corpus relief if the state's "closing argument was so inflammatory and so outrageous that any reasonable trial judge would have *sua sponte* declared a mistrial."'" *Barnett*, 542 F.3d at 813 (citing *Weaver v. Bowersox*, 438 F.3d 832, 840 (8th Cir. 2006); quoting *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999)). "Relief will be granted only upon a showing of a reasonable probability that the outcome would have been different but for the improper statement." *Id.*

A finding of prosecutorial misconduct on habeas review requires more than the existence of "undesirable or even universally condemned" remarks by the prosecutor. *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464, 2471, 91 L. Ed. 2d 144 (1986). The relevant inquiry "is whether the prosecutor['s] comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.*

In its decision on Winters's appeal, the Iowa Court of Appeals applied a less strenuous standard to the prosecutor's closing argument in this case. According to the *Winters* court, to establish a due process violation, Winters was required to show the following: (1) there was misconduct by the prosecutor; (2) the misconduct resulted in prejudice to the defendant; and (3) the prejudice deprived the defendant of a fair trial. *Winters*, 2007 WL 1062894 at *3. The court pointed out that under Iowa law, prosecutors are precluded from using argument to vouch personally as to a witness's credibility, *id.* at * 4, but the court nevertheless concluded there was no such misconduct in this case

because "the arguments were based on reasonable inferences and not inflammatory. The county attorney did not brand Torres a liar; he merely argued his testimony was not believable." *Id.*

This holding was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law. The comment, "if you believe anything Torres had to say," certainly denoted the prosecutor's scepticism of Torres's testimony. However, in the context of the entire record in this case, the holding of the Iowa Court of Appeals that the comment was based on reasonable inferences and was not inflammatory cannot be said to be unreasonable.

The record falls far short of the standards set by the United States Supreme Court, which require a showing that the comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *See Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S. Ct. 1868, 1871, 40 L. Ed. 2d 431 (1974). As a result, Winters's request for relief on this ground should be denied.


### D. Wrongful Sentence for a Felony Instead of a Misdemeanor

Winters argues the Iowa courts wrongfully sentenced him to a felony as opposed to an aggravated misdemeanor. Doc. No. 19, p. 9. His argument is based on his disagreement with the Iowa courts on the reading of an Iowa statute. He cited no federal law to the Iowa Court of Appeals, and he has cited no federal law to this court. The State argues Winters has not presented this court with a cognizable federal claim. Doc. No. 24, pp. 19-22.

This claim was decided by the Iowa Court of Appeals as follows:

> Winters filed a pro se motion to dismiss arguing possession of marijuana, third offense, was only an aggravated misdemeanor and not a class D felony. In support of this argument, Winters cited Iowa Code section 124.401(5) which provides, in pertinent part:

It is unlawful for any person knowingly or intentionally to possess a controlled substance. . . . Any person who violates this subsection is guilty of a serious misdemeanor for a first offense. A person who commits a violation of this subsection and who has previously been convicted of violating this chapter or chapter 124A, 124B, or 453B is guilty of an aggravated misdemeanor. *A person who commits a violation of this subsection and has previously been convicted two or more times of violating this chapter or chapter 124A, 124B, or 453B is guilty of a class "D" felony.*

If the controlled substance is marijuana, the punishment shall be by imprisonment in the county jail for not more than six months or by a fine of not more than one thousand dollars, or by both such fine and imprisonment for a first offense. If the controlled substance is marijuana and the person has been previously convicted of a violation of this subsection in which the controlled substance was marijuana, the punishment shall be as provided in section 903.1, subsection 1, paragraph "b". *If the controlled substance is marijuana and the person has been previously convicted two or more times of a violation of this subsection in which the controlled substance was marijuana, the person is guilty of an aggravated misdemeanor.*

(Emphasis added.) Because Winters only possessed marijuana, he argued it was improper to charge him under the felony track for possession.

The district court rejected this argument, citing *State v. Cortez*, 617 N.W.2d 1 (Iowa 2000) as justification for the enhancement. In *Cortez*, the court concluded it would be absurd to treat a first-time marijuana offender under the second unnumbered paragraph in section 124.401(5) when the person

had previously been convicted of other drug offenses. *Id.* at 3. The supreme court held that "[o]nce a defendant is convicted of a single offense involving other illegal substances . . . all crimes committed prior or subsequent thereto could be used to enhance the offender's sentence under the stricter, felony track." *Id.* In light of Winters' numerous convictions for prior, non-marijuana drug offenses, FN2/ the court denied his motion to dismiss.

> FN2/ Winters has a long history of criminal substance abuse. He was convicted of possession of marijuana in 1985 and 1995. He was convicted of possession of marijuana with intent to deliver in 1992. In 1998 he was twice convicted of possession of methamphetamine with intent to deliver.

On appeal, Winters asks us to abandon precedent and overrule *Cortez* because it was "erroneously decided." We find Winters' argument to be without merit and choose not to overrule *Cortez*. FN3/

> FN3/ We also reject arguments set forth in Winters' pro se reply brief that attempt to distinguish *Cortez* from the current case.

*Winters*, 2007 WL 1062894 at **4-5.

In this claim, Winters is attempting to argue an issue of purely state law. Federal habeas relief is unavailable to retry state law issues. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law . . . [and] it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *see Middleton v. Roper*, 455 F.3d 838, 852 (8th Cir. 2006). Winters's request for relief on this ground should be denied.

## E. Double Jeopardy

Winters argues the enhancement of his sentenced based on his prior convictions violated the Double Jeopardy Clause of the Fifth Amendment.  This claim was decided by the Iowa Court of Appeals as follows:

> In his *pro se* brief Winters claims the district court erred in sentencing him under the habitual offender statute because this was "double jeopardy" which was "clearly sentencing [him] for his priors and not the current or actual offense."
>
> It is well established that the use of prior convictions to enhance punishment does not violate constitutional principles of double jeopardy.  *State v. Tobin*, 333 N.W.2d 842, 845 (Iowa 1983) (citing *Spencer v. Texas*, 385 U.S. 554, 559-60, 87 S. Ct. 648, 651, 17 L. Ed. 2d 606, 611-12 (1967)); *State v. Popes*, 290 N.W.2d 926, 927 (Iowa 1980); *State v. Kramer*, 235 N.W.2d 114, 117 (Iowa 1975).  As stated in *State v. Miller*, 606 N.W.2d 310, 312 (Iowa 2000), "[e]nhanced punishment is imposed only because, notwithstanding [the defendant's] past record, and the lessons he should have learned from it, [the defendant] still did not get the point."  When the court applies enhanced punishment, the defendant is not being prosecuted for his past offenses.  *Id.*  Instead, enhanced punishment is based on the defendant's conduct at the time of the defendant's latest offense.  *Id.*  Accordingly, we find the district court did not violate Winters' constitutional rights when factoring his prior convictions into its determination of his current sentence.

*Winters*, 2007 WL 1062894 at *5.

In support of Winters's argument in the present case, he cites the court to *United States v. Dixon*, 509 U.S. 688, 696, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993); and *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932).  Both of these cases address double jeopardy issues, but neither has any specific relevance to the issue presented here.

Statutes that enhance punishment for habitual criminals "have been repeatedly upheld against almost every conceivable constitutional challenge, including due process, double jeopardy, and cruel and unusual punishment." *Goodloe v. Parratt*, 605 F.2d 1041, 1047 (8th Cir. 1979) (citing *Spencer v. Texas*, 385 U.S. 554, 559-60, 87 S. Ct. 648, 17 L. Ed. 2d 606 (1967); *Wessling v. Bennett*, 410 F.2d 205, 207 (8th Cir. 1969)). The sentence for a "habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." *Gryger v. Burke*, 334 U.S. 728, 732, 68 S. Ct. 1256, 1258, 334 L. Ed. 1683 (1948); *Witte v. United States*, 515 U.S. 389, 390, 115 S. Ct. 2199, 2201, 132 L. Ed. 2d 351 (1995) (same).

In *United States v. Phillips*, 432 F.2d 973 (8th Cir. 1970), the court held "use of a prior conviction as the basis for a status in respect to the commission of another crime does not constitute double jeopardy – as, for instance, in the increase of punishment under a habitual offender statute." *Id*. at 975 (citing *Davis v. Bennett*, 400 F.2d 279, 282 (8th Cir. 1968)). In *Davis*, the court held, "It has . . . uniformly been held that since habitual criminal statutes do not constitute separate offenses, they do not violate double jeopardy as to prior convictions." *Davis*, 400 F.2d at 282 (citing *Graham v. West Virginia*, 224 U.S. 616, 32 S. Ct. 583, 56 L. Ed. 917 (1912); *McDonald v. Massachusetts*, 180 U.S. 311, 21 S. Ct. 389, 45 L. Ed. 542 (1901); *Moore v. Missouri*, 159 U.S. 673, 16 S. Ct. 179, 40 L. Ed. 301 (1895)); *see United States v. Bates*, 77 F.3d 1101, 1106 (8th Cir. 1996).

There is no basis for Winters's claim of a double jeopardy violation, and his request for relief on this ground should be denied.

## IV. CONCLUSION

For the reasons discussed above, **IT IS RESPECTFULLY RECOMMENDED**, unless any party files objections[7] to the Report and Recommendation in accordance with 28 U.S.C. § 636 (b)(1)(C) and Fed. R. Civ. P. 72(b), within ten (10) days of the service of a copy of this Report and Recommendation, that Winters's petition for writ of habeas corpus be **denied**.

**IT IS SO ORDERED.**

**DATED** this 2nd day of February, 2009.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[7]Objections must specify the parts of the report and recommendation to which objections are made. Objections must specify the parts of the record, including exhibits and transcript lines, which form the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to file timely objections may result in waiver of the right to appeal questions of fact. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L. Ed. 2d 435 (1985); *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).