# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

BRADLEY LEE WINTERS,

    Petitioner,

vs.

TERRY D. MAPES,

    Respondent.

No. C07-3083-LRR

**ORDER**

_____

## *I. INTRODUCTION*

The matter before the court is United States Chief Magistrate Judge Paul A. Zoss's Report and Recommendation (docket no. 27). Judge Zoss filed his Report and Recommendation on February 2, 2009. Such Report and Recommendation addressed Petitioner Bradley Lee Winter's Application for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket no. 7). On February 17, 2009, Petitioner filed Objections (docket no. 28) to the Report and Recommendation.

## *II. STANDARD OF REVIEW*

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. . . .

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (making clear that, where a proper objection is made, the district court must determine de novo a magistrate judge's recommendation on a dispositive motion). The Eighth Circuit Court of Appeals has

repeatedly held that it is reversible error for the district court to fail to conduct a de novo review of a magistrate judge's report where such review is required. *See, e.g., United States v. Lothridge*, 324 F.3d 599, 601 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). However, the plain language of the statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, portions of the proposed findings or recommendations to which no objections were filed are reviewed only for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

## III. ANALYSIS

### A. *Findings of Fact*

Petitioner does not object to Judge Zoss's findings of fact. Therefore, the court reviews the Report and Recommendation's findings of fact for plain error. The court finds that no plain error occurred. Accordingly, the court shall adopt Judge Zoss's findings of fact.

### B. *Conclusions of Law*

Petitioner objects to Judge Zoss's conclusions of law regarding two of his five grounds: (1) motion to suppress for lack of probable cause; and (2) prosecutorial misconduct. With respect to the conclusions of law that Petitioner did not object to, the court reviewed them and shall adopt the Report and Recommendation without making any changes. Further, concerning Petitioner's specific objections, the Iowa courts' decisions were not contrary to and did not involve an unreasonable application of the case law regarding the Fourth Amendment or the Fourteenth Amendment. First, the court is unable to grant habeas relief on Petitioner's Fourth Amendment claim, that is, the alleged lack of

probable cause for arrest claim, because the State provided an opportunity for full and fair litigation of the claim, and the Iowa courts correctly applied federal law when they addressed the merits of the claim. *See Stone v. Powell*, 482 U.S. 465 (1976). Second, no relief is warranted on Petitioner's Fourteenth Amendment claim, that is, the prosecutorial misconduct claim, because the Iowa courts' conclusion that Petitioner did not establish a due process violation is in line with applicable federal law. *See generally Darden v. Wainwright*, 477 U.S. 168 (1986); *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974); *Barnett v. Roper*, 542 F.3d 804 (8th Cir. 2008).

In sum, after a thorough review of the record, the court finds that Petitioner's claims are without merit. It is appropriate to deny the Application because the Iowa courts neither reached a decision contrary to that reached by the United States Supreme Court on a question of law nor correctly identified the applicable principles of federal law but then unreasonably applied that law to the facts of Petitioner's claims. 28 U.S.C. § 2254(d)(1); *see also Newman v. Hopkins*, 247 F.3d 848, 850-52 (8th Cir. 2001) (discussing *Williams v. Taylor*, 529 U.S. 362 (2000)). And, the Iowa court's decision was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(2). The claims raised in the Application do not warrant relief under 28 U.S.C. § 2254(d). *See Williams v. Taylor*, 529 U.S. 362 (2000). Finally, the court concludes that there is no reason to grant a certificate of appealability. 28 U.S.C. § 2253.

### IV. CONCLUSION

In light of the foregoing and based upon its review of Judge Zoss's Report and Recommendation, the court concludes that there is no ground to reject or modify his findings and conclusions. Therefore, the court shall adopt Judge Zoss's Report and Recommendation.

**IT IS HEREBY ORDERED:**

(1) Petitioner's Objections (docket no. 28) are **OVERRULED**.

3

(2) Judge Zoss's Report and Recommendation (docket no. 27) is **ADOPTED**.

(3) The Application (docket no. 7) is **DENIED**.

(4) A certificate of appealability is **DENIED**. Having thoroughly reviewed the record in this case, the court finds that Petitioner failed to make the requisite "substantial showing" with respect to the claims he raises in his Application. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present questions of substance for appellate review, there is no reason to grant a certificate of appealability. If he desires further review of his Application, Petitioner may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals, in accordance with *Tiedeman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

**DATED** this 16th day of April, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA